# Defendant's Answer to the Complaint

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

MALIBU MEDIA, LLC, )
)
    Plaintiff, ) Civil Action Case No.1:18-cv-01618
)
v. ) Judge Lee
)
GERMOND CHE PATTON ) Magistrate Judge Gilbert
)
    Defendant. )

### THE DEFENDANT'S ANSWER TO THE COMPLAINT

**I.**   **The Parties Filling This Answer to the Complaint**
    Name                        Germond Ché Patton
    Street Address          1040 West Granville Avenue, Apartment #920
    City and County        Chicago, Cook
    State and Zip Code    Illinois, 60660
    Telephone Number    (760) 819-9007
    E-mail Address         enderusmc@gmail.com

**II.**   **The Answer and Defenses to the Complaint**
1. Defendant DENIES that this matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C §§et seq. (the "Copyright Act"). Plaintiff has presented insufficient evidence to show that there was infringement of their copyright privileges. Plaintiff has only presented circumstantial evidence that any right they possess where infringed.
2. Defendant DENIES that Defendant is a persistent online infringer of Plaintiff's copyrights. Plaintiff has offered insufficient evidence to establish that the IP address is attached to the Defendant, nor has Plaintiff established that Defendant actually was using said IP address on the date of alleged infringement.
3. Defendant ADMITS that Plaintiff is the registered owner of the copyrights set forth on Exhibit B. However, the Defendant DENIES Exhibit A and Exhibit B as being intentionally bias and misleading.
4. Defendant ADMITS this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks, and unfair competition).
5. Defendant DENIES that Plaintiff has used a "proven" IP address geolocation technology that has worked in similar cases. Prior cases have ruled that this service and type of service are not always accurate in determining the actual IP address they are trying to geolocate. Defendant

DENIES that this service determined that there was an IP address located within the District, and therefore, Defendant DENIES personal jurisdiction over Defendant. Defendant DENIES that tortious conduct was committed in the State, Defendant ADMITS that Defendant resides in the State, and has engaged in business activity within the State.

6. Defendant DENIES that Plaintiff has "experience" filling over 1,000 cases based on the geolocation technology used by Plaintiff, and Defendant DENIES that Plaintiff has had an accuracy rate of over 99% of the cases. Plaintiff does not mention that Plaintiff files 1,000s of cases that they never take to trial. Plaintiff fails to mention, how many of those cases were summary judgement, how many were just filed against John/Jane Doe, or how many cases have been ruled against them.
7. Defendant DENIES venue is proper because Defendant DENIES that a substantial part of the events or omissions giving rise to the claims occurred in this District.
8. Defendant ADMITS Plaintiff, Malibu Media, LLC (d/b/a "X-Art.com") is a limited liability company organized and existing under the laws of the State of California and has a principal place of business located at 30700 Russell Ranch Road, Suite #250, Westlake Village, CA 91362.
9. Defendant ADMITS Germond Che Patton, is an individual residing at 1040 West Granville Avenue, Apt. #920, Chicago, IL 60660.
10. Defendant DENIES that the BitTorrent file distribution network ("BitTorrent") is one of the most common peer-to-peer file sharing systems used for distributing large amounts of data, including, but not limited to, digital movies files. Plaintiff has failed to show any evidence to support this claim, other than Plaintiff's accretion that this is true.
11. Defendant DENIES that BitTorrent allows users to interact directly with each other to distribute a large file without creating a heavy load on any individual source computer and/or network. Plaintiff has failed to cite sources for this information other than Plaintiff's accretion that this is true. Defendant DENIES that the methodology of BitTorrent allows users to interact directly, avoiding host websites. Plaintiff has failed to cite sources for this information other than Plaintiff's accretion that this is true.
12. Defendant DENIES that BitTorrent breaks a file into many small pieces to exchange between users. Plaintiff continues to make accretions of matters of fact, that Plaintiff has not established a factual basis for.
13. Defendant DENIES that BitTorrent assembles pieces of a file to be opened and utilized. Plaintiff does not state how this procedure is accomplished or what specific program allow this process to occur.
14. Defendant DENIES that each piece of a BitTorrent file is assigned a unique cryptographic hash value. Plaintiff has failed to present any example of this "hash value" or how determine on hash value from another.
15. Defendant DENIES the hash value acts as a the "piece's unique digital fingerprint". Plaintiff has failed to show that there is an individual

fingerprint, or that there is something that can be detected by another party.
16. Defendant DENIES that the entirety of the digital media file has a unique cryptographic has value, which acts as a "digital fingerprint" identifying the digital media. Defendant DENIES that once complete, all pieces which comprise a digital media file, the software uses the file hash to determine that the file is complete and accurate. Plaintiff has failed to establish that there is a hash or given any specifics on how such a has is detectable or identifiable.
17. Defendant DENIES that Plaintiff's "investigator", IPP International UG established a direct TCP/IP connection with Defendant's IP address as set forth on Exhibit A. IPP International UG has demonstrated in other cases that their methods of detecting ICP/IP address is not peer-reviewed, has not generated widespread support in the scientific community.
18. Defendant DENIES that Plaintiff's investigator downloaded from Defendant on or more pieces of each of the digital media files identified by the files listed on Exhibit A. Exhibit A states that there was a date on which those files were allegedly interacted with, but does not give a total time interaction, or number of total interactions.
19. Defendant DENIES that each of the media files was identified by the file hash that correlates to a copyrighted film owned by Plaintiff. Plaintiff has yet to establish reliable evidence that the was a hash that correlates to a file listed on Exhibit B.
20. Defendant DENIES that a full copy of each media file was downloaded from the BitTorrent file distribution network, and confirmed through independent calculation that the file hash matched what is listed in Exhibit A. Plaintiff does not state who conducted the independent confirmation, the methods that were used, nor the time period in whish this took place. Plaintiff states that "At no point was Plaintiff's copyrighted content uploaded to any other BitTorrent user." With this statement Plaintiff ADMITS that there was no copyright infringement of their works. If no other "users" received any of the copyrighted materials, then how can the IP address in question have distributed copyrighted material to other users? Plaintiff has clearly filed a frivolous suit in hopes that there is summary judgement.
21. Defendant DENIES that each digital media file on Exhibit A has been verified to be identical to one listed on Exhibit B. It is clear that Exhibit A and Exhibit B are one document that has been cut into two. If Plaintiff had not intentionally separated the document in to two, then the total contents of the document could be placed on one page. Therefore, Plaintiff cannot say that the titles on one Exhibit match the names of the other Exhibit, because they are in contained in the same document. Furthermore, Plaintiff has separated the document to hide the fact that the alleged "Hit Date UTC" and "Most Recent Hit UTC" are the same exact date for every single title listed in the Exhibits. This demonstrates that Plaintiff can only

account for one contact with the alleged IP address for each of their alleged copyright infringements.
22. Defendant ADMITS that Plaintiff owns the copyrights to the works in Exhibit B. Defendant ADMITS that Exhibit B shows the date of first publication, registration date, and registration number. Defendant DENIES that Exhibit B shows "each hit date", Exhibit B shows the "Most Recent Hit UTC", and no category is labeled "hit date". Furthermore Exhibit B shows that on only three of the alleged nine copyright infringements occurred before the "Most Recent Hit UTC". Only the dates of 08/06/2017, 03/14/2017, & 06/12/2016 list on Exhibit B under the "Most Recent Hit UTC" occur after the "Registration Date" Therefore, there was no notice or notice of copyright for the other six infringement claims. Defendant DENIES that there was an adequate notice of copyright for the dates of 11/24/2017, 08/06/2017, 08/06/2017, 08/06/2017, 03/14/2017, & 03/14/2017 listed on Exhibit B under the "Most Recent Hit UTC". Since these dates of "Most Recent Hit UTC" (implies the last time there was an alleged interaction) occur before the "Registration Date" there is no possibility of notice of copyright, and there was no copyright held at the time of "Most Recent Hit UTC". These dates should be dropped from the Complaint because no copyright was held at the time, and therefore there could not be an alleged infringement to a copyright.
23. Defendant DENIES that Defendant downloaded, copied, and distributed a complete copy of Plaintiff's works without authorization as enumerated in Exhibit B. Plaintiff has not established that there was any alleged distribution of their works. Plaintiff has stated that "At no point was Plaintiff's copyrighted content uploaded to any other BitTorrent user". Plaintiff ADMITS that no one else received any other their copyrighted content, therefore there cannot be any alleged distribution. Plaintiff has not established that the alleged IP address made any copies of their copyrighted content, nor that the alleged IP address downloaded the content from anywhere. Plaintiff has only suggested through circumstantial evidence that the alleged IP address interacted with Plaintiff's own hired company on one day for one instance.
24. Defendant DENIES that Plaintiff's investigator connected, over a course of time with Defendant's IP address for each digital media file identified by a hash value. Plaintiff's investigator uses non-scientific methods which have yielded many false results. Defendant DENIES that there was a connection established between IPP and Defendant's alleged IP address. Plaintiff only asserts that there was a connection between their hired company and an alleged IP address. Defendant DENIES that simply listing the UTC (Universal Time) is utilized for air traffic control as well as for computer forensic purposes. Plaintiff has only presented a date, an not a Time on both Exhibit A and Exhibit B. Plaintiff's Exhibits are insufficient to demonstrate Universal Time, as a date is not representative of time of day.

25. Defendant DENIES that Plaintiff has present evidence that establishes Defendant is a habitual and persistent BitTorrent user and copyright infringer. Plaintiff has present circumstantial evidence that their hired company has had minor if not insignificant contact with an IP address, and has not presented sufficient evidence that Defendant was using that alleged IP address on the date that Plaintiff claims. Plaintiff claims copyright infringement for nine works of which six, were not registered as copyrighted works on the "Most Recent Date UTC" in Exhibit B. Plaintiff has added the other six false claims in an attempt to try to try to show that the alleged IP address has infringed on non-copyrighted material.
26. Defendant DENIES that all conditions precedent to bringing this action have occurred or been waived. Defendant does not waive anything in the current complaint, and all necessary conditions precedents have occurred.
27. Defendant ADMITS that Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its service.
28. Defendant DENIES Count 1 – Direct Infringement Against Defendant, as a whole. Plaintiff has only presented circumstantial evidence for their complaint, and has not established that this alleged complaint actually involves the parties named. Plaintiff is known to file these suits in order to get summary judgements based on unreliable evidence and the public's fear of facing these type of false accusations.
29. Defendant DENIES Plaintiff's demand for a trial by jury on all issues so triable. Defendant demands a bench trial before the Honorable John Z. Lee. A jury trial would unfairly bias the Defendant, rather than the Honorable John Z. would give a fair and just bench trial.

### III. Presenting Defenses to the Claims of Relief

1. The manner of serving the defendant with summons and complaint was insufficient because the defendant was not personally served by an proper authorized agent of the Plaintiff. Nor did Plaintiff use certified mail, or any of the other authorized types of service under 735 ILCS 5 Code of Civil Procedure.
2. The complaint fails to state a claim upon which relief can be granted because more than half of the alleged copyright infringements occur before those works were registered as a copyright. Additionally, Plaintiff has failed to provide more than circumstantial evidence to show a cause of action. Plaintiff has not established that they have suffered harm as result of these allegations in the complaint.

### IV. Asserting Affirmative Defenses to Claims for Relief

1. The Plaintiff's claim for Direct Infringement Against Defendant is barred by:
    i. Assumption of Risk: Plaintiff voluntarily and knowingly assumed the risk putting their content in form that is alleged. Because of the number of complaints that Plaintiff has filed across the United

States, Plaintiff knew all of the risks at the time of the alleged infringement.

ii. Fraud: Plaintiff presents in Exhibit A and Exhibit B copyrighted works that were not registered as copyrighted works at the time of the alleged infringement, which is a false statement of material fact. The Plaintiff has knowledge that this statement was false. The Plaintiff intended the statement presented in a District Court complaint. Defendant would have to rely on Plaintiff's statement for a fair and factual civil complaint. Defendant would suffer damages as a result of this false statement.

## V. Asserting Claims Against the Plaintiff or Against Another Defendant

1. The defendant has the following claim against the plaintiff:
   i. Defamation. Plaintiff's complaint assert a alleged act that the only have circumstantial evidence for. The complaint attacks the character and reputation of the Defendant. Plaintiff has released this information to a third party to the harm of the Defendant.
   ii. The Defendant asserting the counterclaim against Malibu Media alleges that the following injury or damages resulted: Loss of future earnings, Loss of reputation, and Loss of current earnings.
   iii. The defendant seeks reasonable and necessary damages to cover the injury suffered through the counter claim.

## VI. Defendant's Demands and Requests

1. Defendant demands a bench trial before the Honorable John Z. Lee.
2. Defendant demands dismissal of the Plaintiff's complaint, based on a lack of evidence and unsupported claims.
3. Defendant demands that Plaintiff amend their complaint's Exhibit A and Exhibit B, to reflect only the copyrighted works where alleged infringement occurred after the work was registered as a copyrighted work.
4. Defendant requests time to prepare motions and briefs for the civil case before the Honorable John Z. Lee.

## VII. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this answer: (1) is not being presented for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by exiting law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

### 1. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing  11/27/18

Signature of Defendant  *[signature]*
Printed Name of Defendant  Germond Ché Patton