UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action Case No. 1:18-cv-001618 |
| ) | |
| v. ) | Judge Lee |
| ) | |
| GERMOND CHE PATTON, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves for the entry of an order dismissing Defendant's Counterclaim at Section V of Defendant's Answer to the Complaint [DE 28] with prejudice, and in support states:

## I. INTRODUCTION

Defendant's counterclaim fails to state a plausible claim for relief and should, be dismissed. Defendant's Counterclaim for Defamation at Section V of Defendant's Answer to the Complaint [DE 28] fails to state a claim because Plaintiff's claims are protected by the litigation privilege. For the foregoing reasons, as explained more fully below, the Court should dismiss Defendant's Counterclaim.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A complaint must contain "enough facts to state a claim to relief that

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, the complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bell Atlantic Corp. v. Twombly* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal* at 678. The court "accept[s] all well pleaded allegations in the counterclaim as true and draw[s] all reasonable inferences in favor of the counterclaim plaintiff." *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F. 3d 570, 574 (7th Cir. 2001). Allegations pled as legal conclusions are not entitled to a presumption of truth. *Ashcroft v. Iqbal* at 677–79.

### III. ARGUMENT

#### A. Defendant's Counterclaim Fails to State a Claim for Relief

Defendant's Counterclaim for Defamation at Section V of Defendant's Answer to the Complaint [DE 28] should be dismissed because the Defendant failed to plead the elements for a Defamation claim and the Plaintiff's statements are protected by the litigation privilege. To a state a claim for defamation under Illinois law, a plaintiff must allege "facts showing that the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that this publication caused damages." *Green v. Rogers*, 234 Ill. 2d 478, 491, 917 N.E.2d 450, 459, 334 Ill. Dec. 624 (2009). A defamatory statement is one that "harms a person's reputation to the extent it lowers the person in the eyes of the community or deters the community from associating with her or him." *Id*. In the instant matter, the Defendant merely parrots these elements in his counterclaim. He does not allege any additional facts to support these claims.

Additionally, Defendant's counterclaim for defamation fails, and can in fact never succeed

despite any amendment, because Plaintiff's statements in the Amended Complaint are protected by the litigation privilege. "The privilege protects the communications of attorneys, and private litigants, pertaining to proposed or pending litigation." *Black v. Wrigley*, No. 17 C 101, 2017 U.S. Dist. LEXIS 202260 at * 16 (N.D. Ill. Dec. 8, 2017) (citing *Libco Corp. v. Adams*, 100 Ill. App. 3d 314, 317, 426 N.E.2d 1130, 1132, 55 Ill. Dec. 805 (1981)); *see also Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998) ("[T]he absolute litigation privilege affords immunity to attorneys (and other participants in the judicial process) from tort liability arising out of statements made in connection with litigation.") "The privilege's scope is not limited to statements made in court; it can apply, for example, to communications between opposing counsel or between an attorney and a client related to pending litigation." *Id* (citing *Golden v. Mullen*, 295 Ill. App. 3d 865, 870, 693 N.E.2d 385, 389, 230 Ill. Dec. 256 (1997)). This privilege is absolute. *See Libco Corp. v. Adams*, 100 Ill. App. 3d 314, 426 N.E.2d 1130, 1131, 55 Ill. Dec. 805 (Ill. App. 1981) ("The absolute privilege protects anything said or written in a legal proceeding.") The Defendant's counterclaim refers to the Plaintiff's Amended Complaint as being defamatory [CM/ECF 28, p. 7]. This clearly falls under the litigation privilege and, therefore, Defendant's Counterclaim for Defamation must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court dismiss Defendant's counterclaim with prejudice.

Dated: December 20, 2018

Respectfully submitted,

MEDIA LITIGATION FIRM, P.C.
By: /s/ *Mary K. Schulz*
Mary K. Schulz, Esq.
1144 E. State Street, Suite A260
Geneva, Il 60134

Tel: (312) 213-7196
Email: medialitigationfirm@gmail.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that December 20, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Mary K. Schulz*