**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MALIBU MEDIA, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | 18 C 1618 |
| ) | |
| **GERMOND CHE PATTON,** ) | Judge John Z. Lee |
| ) | |
| **Defendant.** ) | |

## ORDER

Plaintiff Malibu Media, LLC has sued Defendant Germond Che Patton for copyright infringement under 17 U.S.C. § 101 *et seq.* Specifically, Plaintiff alleges that Defendant downloaded, copied, and distributed nine of Plaintiff's copyrighted works without authorization. In turn, Defendant has brought a counterclaim for defamation and has raised affirmative defenses. Plaintiff has moved to dismiss Defendant's counterclaim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and to strike Defendant's affirmative defenses under Rule 12(f). Defendant did not respond to either motion. For the reasons provided herein, the motions are granted [31] [33]. Defendant's counterclaim is dismissed, and his affirmative defenses are stricken.

## STATEMENT

### I.      Motion to Dismiss Counterclaim

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, when considering a motion to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Defendant asserts a defamation counterclaim, alleging that Plaintiff's complaint attacks Defendant's character and reputation and that Defendant has suffered a loss of reputation and

earnings as a result. Plaintiff moves to dismiss the counterclaim, arguing its claims are protected by the litigation privilege.

"Under Illinois law, the only cause of action recognized for the wrongful filing of a lawsuit is one for malicious prosecution or abuse of process." *Havoco of Am., Ltd. v. Hollobow*, 702 F.2d 643, 647 (7th Cir. 1983); *see Lyddon v. Shaw*, 372 N.E.2d 685, 690 (Ill. App. Ct. 1978) ("The very purpose of a court of law is to determine whether an action filed by a party has merit and we refuse to recognize a rule which would render a litigant and his attorney liable in tort for negligently (or even, willfully and wantonly) failing to determine in advance that which, ultimately, only the courts could determine."). Because Illinois law fails to recognize a defamation claim based on the wrongful filing of a lawsuit, Plaintiff's motion to dismiss Defendant's counterclaim is granted.

## II.    Motion to Strike Affirmative Defenses

The standard of review for a motion to strike affirmative defenses under Rule 12(f) is effectively the same as that under Rule 12(b)(6). *Employers Mut. Cas. Co. v. Keystone Elec. Co.*, No. 08 C 7408, 2009 WL 2567977, at *2 (N.D. Ill. Aug. 18, 2009). "Even under the liberal notice pleading standards of the Federal Rules, an affirmative defense must include either direct or inferential allegations as to all elements of the defense asserted." *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 904 (N.D. Ill. 2006). "[B]are bones conclusory allegations" are not sufficient. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989).

### A.    Assumption of Risk

Plaintiff first moves to strike Defendant's assumption-of-risk affirmative defense. Specifically, Defendant claims that "Plaintiff voluntarily and knowingly assumed the risk putting their content in form that is alleged. Because of the number of complaints that Plaintiff has filed across the United States, Plaintiff knew all of the risks at the time of the alleged infringement." Def.'s Answer and Counterclaim ¶ IV.1.i, ECF No. 28.

"[A]ssumption of risk . . . is still a viable though limited tort defense in Illinois. Most commonly applied as a defense to products liability actions, assumption of risk remains applicable to negligence actions . . . ." *Haendel v. State*, No. 90-CC-0234, 1996 WL 1805020, at *1 (Ct. Claims Ill. 1996). However, "an 'assumption of risk' defense does not apply to copyright infringement claims . . . ." *Malibu Media, LLC v. Butler*, No. 13-CV-02707-WYD-MEH, 2014 WL 4627454, at *3 (D. Colo. Sept. 16, 2014).

Because Plaintiff brings a statutory copyright infringement claim, not a state-law tort claim, Defendant's assumption-of-risk affirmative defense fails as a matter of law. To the extent that Defendant may have intended to assert a different affirmative defense, he has not alleged sufficient facts to provide Plaintiff with notice of the affirmative defense he is attempting to raise. Plaintiff's motion to strike this affirmative defense is thus granted.

### B. Fraud

Plaintiff next moves to strike Defendant's affirmative defense of fraud. Defendant alleges that Plaintiff has committed fraud on the Court and that he could not have infringed Plaintiff's copyrights because the works were not registered as copyrighted works at the time he allegedly downloaded them. Def.'s Answer & Counterclaim ¶ IV.1.ii.

By definition, an affirmative defense is a statement that "admits the truth of the complaint's allegations but states new matter that exculpates the defendant." *U.S. Home Corp. v. George W. Kennedy Constr. Co.*, 610 F. Supp. 759, 761 (N.D. Ill.1985); *see* Fed. R. Civ. P. 8(c). Here, Defendant clearly denies the complaint's allegations that he has infringed Plaintiff's copyrighted works. Accordingly, Defendant's affirmative defense of fraud is not an affirmative defense at all. Rather, it is merely a defense to Plaintiff's copyright infringement claims. Plaintiff's motion to strike is granted. Because the Court strikes the affirmative defense of fraud on this ground, the Court need not address Plaintiff's alternative arguments in support of the motion.

Date:   7/17/19                                   /s/ John Z. Lee