IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18 C 1618 |
| | ) | |
| GERMOND CHE PATTON, | ) | Judge John Z. Lee |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Malibu Media, LLC has sued Defendant Germond Che Patton for copyright infringement under 17 U.S.C. § 101 *et seq*. Specifically, Plaintiff alleges that Defendant downloaded, copied, and distributed nine of Plaintiff's copyrighted motion pictures without authorization. Plaintiff has moved for summary judgment and has provided Defendant with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" pursuant to Local Rule 56.2. Nonetheless, Defendant has failed to respond to the motion. For the reasons below, the motion is granted [47]. Plaintiff shall move for entry of judgment regarding statutory damages, injunctive relief, and attorneys' fees and costs by November 15, 2019. Status hearing set for 11/19/19 at 9:00 a.m.

## STATEMENT

### I. Factual Background

The following facts are deemed admitted due to Defendant's failure to respond to Plaintiff's summary judgment motion or statement of facts under Local Rule 56.1. *See Flint v. City of Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015) (stating that the Seventh Circuit has "consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1"). In addition, the facts are deemed admitted because Defendant failed to respond to Plaintiff's requests for admissions. *See United States v. Kasuboski*, 834 F.2d 1345, 1349–50 (7th Cir. 1987) ("Rule 36(a) of the Federal Rules of Civil

Procedure clearly provides that a party must answer each matter for which an admission is requested within 30 days or the matter is deemed admitted."); *see also* Pl.'s Ex. A, Requests for Admission ("Requests for Admission") (warning that "[i]f Defendant fails to respond or object to any of the requests within thirty (30) days of service of this Request, the matter shall be deemed admitted under Rule 36(a)(3)."), ECF No. 48-1.

Plaintiff is the only registered owner of the copyrights to nine motion pictures ("the works") identified by Copyright Registration Numbers PA0002094797, PA0002050594, PA0002078611, PA0001957700, PA0002078047, PA0002042063, PA0002042072, PA0001846087, and PA0001846099. *See* Pl.'s LR 56.1(a)(3) Stmt. ¶¶ 1, 5, ECF No. 48; Pl.'s Ex. B, Copyright Registrations, ECF No. 48-2. Without Plaintiff's permission, Defendant used the BitTorrent network to download and distribute the works. Pl.'s LR 56.1(a)(3) Stmt. ¶¶ 2–3, 6; Requests for Admissions ¶¶ 2–4.

BitTorrent is a peer-to-peer file transfer protocol for sharing large amounts of data over the internet, in which each part of a file downloaded by a user is transferred to other users. Requests for Admissions, Definitions ¶ 1. BitTorrent users then interact directly with one another to exchange these small pieces with each other. *Id.* After a user receives all of the pieces of a digital media file, the user's BitTorrent software client reassembles the pieces so that the file may be opened and viewed. *Id.* There is no license, terms, agreement, or advertisement on the BitTorrent network that would imply that Plaintiff authorized Defendant to copy, download, or distribute the works. Pl.'s LR 56.1(a)(3) Stmt. ¶ 5; Requests for Admissions ¶ 5. Moreover, Defendant admits that using the BitTorrent file-sharing protocol to download and distribute Plaintiff's copyrighted works without its authorization constitutes copyright infringement. Pl.'s LR 56.1(a)(3) Stmt. ¶¶ 7–8; Requests for Admissions ¶¶ 7–8.

## II. Standard of Review

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To survive summary judgment, the nonmoving party must "establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012). "Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment." *Kasuboski*, 834 F.2d at 1350; *see* Fed. R. Civ. P. 56(c)(1)(A) (allowing a party to rely on admissions to show that a fact is not disputed).

## III. Analysis

"To establish copyright infringement, [a party] must prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir 2007) (quoting *Feist Pubs., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 US 340, 361 (1991)).

First, it is undisputed that Plaintiff owns a valid copyright in the nine motion pictures and that each work is registered with the United States Copyright Office. *See* Pl.'s LR 56.1(a)(3) Stmt. ¶¶ 1, 5; Pl.'s Ex. B, Copyright Registrations. Second, it is undisputed that, without Plaintiff's permission, Defendant copied elements of the works at issue by downloading and distributing the works through his use of the BitTorrent file-sharing protocol. *See* Pl.'s LR 56.1(a)(3) Stmt. ¶¶ 2–3, 6, 7–8; Requests for Admissions ¶¶ 2–4, 7–8. Because there is no genuine dispute as to any material fact, Plaintiff's motion for summary judgment is granted.

Date: 10/31/19  /s/ John Z. Lee